IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50742
Summary Calendar

_____

JUAN LOUIS CABALLERO,

Plaintiff-Appellant,

versus

WILLIAM H. ROBINSON; RALPH LOPEZ;
JOHN C. SPARKS, Dr.; CYNDIE TAYLOR KRIER;
CUNNINGHAM, Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas

(SA-94-CV-998)

_____

July 8, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Juan Louis Caballero (Caballero) appeals the grant of summary

judgment for the defendants in his *in forma pauperis* civil rights

action regarding alleged exposure to environmental tobacco smoke

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

(ETS) in the Bexar County Adult Detention Center (BCADC). This is approximately the seventh *in forma pauperis* civil rights action filed by Caballero in respect to his confinement in the BCADC, all prior actions having been determined unfavorably to him. Caballero contends that the defendants violated his constitutional rights by exposing him to ETS, that defendants Lopez and Krier should be held liable as policy makers, that the defendants are not entitled to qualified immunity, that his lawsuit was not *res judicata* because only defendant Lopez was a defendant in his particular earlier lawsuit held to be *res judicata* and none of the other defendants were named in that lawsuit, and that the district court should not have imposed costs or sanctions on him.

Defendants Cunningham, Robinson, Sparks, and Krier were in privity with defendant Lopez and BCADC, who were defendants in the referenced earlier lawsuit (and in that lawsuit the court had also treated the case as if Bexar County were a defendant). *See Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1173-1175 (5th Cir. 1992). Caballero's contention that his suit was not *res judicata* because he named new defendants is unavailing. Moreover, Caballero's present suit was plainly duplicative of his said earlier suit and hence was subject to dismissal as malicious and abusive under 28 U.S.C. § 1915(d). *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Accordingly, we need not consider Caballero's other substantive contentions (which in any event

2

appear to lack any merit).  Finally, the district court did not abuse its discretion by imposing costs on Caballero.  *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

AFFIRMED